KEB

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Francisco Guadalupe Paredes,<br>Petitioner,<br>v.<br>Christopher McGregor, et al.,<br>Respondents. | No.   CV-26-01236-PHX-DWL (CDB)<br><br>**ORDER TO SHOW CAUSE** |

Petitioner filed this action under 28 U.S.C. § 2241 challenging his immigration detention.[1] (Doc. 1.)

Petitioner, a Mexican national, has lived in the United States for nearly 20 years. On November 4, 2024, the Department of Homeland Security (DHS) filed a Notice to Appear and placed Petitioner in removal proceedings. Petitioner was granted bond from Eloy Detention Center on November 26, 2024, pending his immigration proceedings. Petitioner applied for Cancellation of Removal, for which an individual hearing was held in Tucson Immigration Court on October 23, 2025. The Immigration Judge (IJ) took the case under advisement. On January 16, 2026, Petitioner was re-detained by the DHS without a pre-deprivation hearing. That same date, DHS issued a Notice of Immigration Bond Cancellation. On January 30, 2026, the Tucson Immigration Court IJ granted

---

[1] In addition to his Petition, Petitioner also filed a Motion for Temporary Restraining Order (Doc. 2). Because the Court is directing Respondents to promptly show cause why the Petition should not be granted, the Court finds Petitioner is not entitled to preliminary relief at this juncture. Therefore, the Court will deny the Motion without prejudice.

1  Petitioner's application for Cancellation of Removal on the grounds that Petitioner's
2  removal would cause extreme and unusual hardship to Petitioner's daughters, who are
3  United States citizens.  Petitioner remains in immigration detention at the Central Arizona
4  Florence Correctional Center.  He seeks immediate release from custody.

Numerous courts have concluded individuals like Petitioner, who were released from immigration detention, are entitled to a pre-deprivation hearing prior to any rearrest or detention as a matter of due process.  *See, e.g., J.C.E.P. v. Wofford*, CV-25-01559-EFB (HC), 2025 WL 3268273, *6 (E.D. Cal. Nov. 24, 2025) (collecting cases); *Ramirez Clavijo v. Kaiser*, CV-25-06248-BLF, 2025 WL 2419263, at *6 (N.D. Cal. Aug. 21, 2025) ("Petitioner thus has shown a likelihood of success on the merits of her claim that she is entitled to a pre-deprivation hearing before a neutral decisionmaker prior to any re-arrest or detention under the Due Process Clause."); *Singh v. Andrews*, CV-25-00801-KES-SKO (HC), 2025 WL 1918679, at *8 (E.D. Cal. July 11, 2025) ("On balance, the *Mathews* factors show that petitioner is entitled to process, and that process should have been provided before petitioner was detained.").

Respondents must show cause why the Petition should not be granted.  Any response must be supported by documentary evidence including, if applicable, affidavits by individuals with personal knowledge of the factual statements made therein and signed under penalty of perjury.

**IT IS ORDERED:**

(1)  Petitioner's Motion for Temporary Restraining Order (Doc. 2) is **denied without prejudice**.

(2)  Counsel for Petitioner must immediately serve the Petition (Doc. 1) on Respondents.

(3)  If not already issued, the Clerk of Court must issue any properly completed summonses.

(4)  The Clerk of Court must immediately transmit by email a copy of this Order and the Petition to the United States Attorney for the District of Arizona, to the attention

of Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, Theo Nickerson at Theo.Nickerson2@usdoj.gov, Dina Anagnopoulos at Dina.Anagnopoulos@usdoj.gov, and Mary Finlon at Mary.Finlon@usdoj.gov.

    (5)    Respondents must show cause no later than **March 2, 2026**, why the Petition should not be granted.

    (6)    Petitioner may file a reply no later than **March 9, 2026**.

Dated this 24th day of February, 2026.

_____
Dominic W. Lanza
United States District Judge